IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROGER M. COLLINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 10-00856-CV-W-NKL-P |
| ) | Crim. No. 01-00346-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**ORDER**

Before the Court is Roger M. Collins's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the Court denies the motion.

**I.  Background**

On June 5, 2002, Collins pleaded guilty to a single-count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. # 130.] On November 26, 2002, the Court sentenced Collins to 58 months' imprisonment and five years' supervised release. [Docs. # 211, 212.] By the terms of the appeal waiver contained in the plea agreement, Collins did not appeal. Collins served his sentence, and on October 20, 2006 began serving his term of supervised release.

On August 10, 2009, the Government filed a motion seeking to revoke Collins's supervised release. [Doc. # 359.] At an August 28, 2009 hearing on the motion, the

Government presented the testimony of Detective Bill Sweeney of the Independence, Missouri Police Department's Drug Enforcement Unit. [Tr. at 4-11.] Detective Sweeney testified that he had received information that Collins was dealing methamphetamine from his residence and obtained a search warrant. [Tr. at 5-6.]

Detective Sweeney and other officers first stopped Collins in his truck, seizing 6.39 grams of methamphetamine. [Tr. at 6-8.] They also found "a notebook which contained what [Detective Sweeney] believed to be apparent drug notes"–"next to names it has figures, which indicated . . . possible sales of methamphetamine." [Tr. at 9.] At the residence, officers seized a digital scale, numerous baggies, and a glass smoking pipe. [Tr. at 9.]

Collins admitted possession of the methamphetamine but claimed that he had planned to go to the lake for one or two weeks – apparently denying an intent to distribute. [Tr. at 14.] At the conclusion of the hearing, the Court imposed a sentence of imprisonment for 60 months, with no term of supervised release ordered to follow. [Tr. at 14, Doc. # 364.]

Collins appealed, arguing that the Court erred in finding that he intended to distribute the methamphetamine and that the sentence imposed was unreasonable. *United States v. Collins*, 371 Fed.Appx. 709 (8th Cir. 2010). The Eighth Circuit affirmed the Court's ruling.

## II. Evidentiary Hearing

On a motion to vacate, a movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief. *See Payne v. United States*, 78 F.3d 343 (8th Cir. 1996). However, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Id.* Moreover, a district court need not hold an evidentiary hearing

in a section 2255 case when the files and records conclusively show that the movant is not entitled to relief. *See Bradshaw v. United States*, 153 F.3d 704 (8th Cir. 1998). After reviewing the records and files, the Court concludes that all of Collins's claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is necessary.

**III. Discussion**

In his section 2255 motion, Collins first contends that he did not intend to distribute the 6.39 grams of methamphetamine. [Docs. # 1 at 5, #7 at 2.] Second, he seems to argue that he should get credit for time spent on probation. [Doc. # 1 at 5, 14.]

A motion under section 2255 – "the statutory analogue of habeas corpus for persons in federal custody" – is not the equivalent of a direct appeal and is not the proper way to complain about simple trial errors. *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987) (citation omitted). Relief under section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted).

**A. Collins's Intent to Distribute Methamphetamine**

"It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)). Moreover, claims challenging the sufficiency of the evidence are not

3

cognizable in a section 2255 motion. *Houser v. United States*, 508 F.2d 509, 516 (8th Cir. 1974).

Here, the Eighth Circuit has written: "Upon careful review, we conclude that the testimony presented at the revocation hearing supports the district court's finding that Collins intended to distribute the methamphetamine at issue." *Collins*, 371 Fed.Appx. at 1 (citation omitted). Therefore, Collins's first argument has already been raised and decided on appeal and cannot be relitigated on a section 2255 motion.

### B. Credit for Time Spent on Probation

Collins argues only: "I would like to get the time I was on probation off my time." [Doc. # 1 at 14.] The relevant statute provides:

> Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Collins's apparent argument that he should be given credit against this sentence for prior probation time fails because the statute refers only to "time he has spent in official detention prior to the date the sentence commences." *Id.* Even assuming Collins is referring to probation time "that has not been credited against another sentence," Collins's probation time would not qualify for credit under the statute because it is not "official detention." *See*

4

*Moreland v. United States*, 968 F.2d 655, 659, 657 n.5 (8th Cir. 1992) (en banc) (holding that defendant's presentence residence in halfway house was not "official detention" and "requiring actual physical incarceration for a prisoner to receive credit" under section 3585(b)); *see also United States v. Becak*, 954 F.2d 386 (6th Cir. 1992), *cert. denied* 504 U.S. 945 (defendant's release subject to restrictive conditions including residence at mother's home and curfew did not rise to level of "official detention" under section 3585(b)); *United States v. Insley*, 927 F.2d 185 (4th Cir. 1991) (interpreting "official detention" as imprisonment in place of confinement, not stipulations or conditions upon person not subject to full physical incarceration). Furthermore, "this determination" under section 3585(b) "is properly left to the Bureau of Prisons." *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). For these reasons, Collins's second argument on this section 2255 motion also fails.

**IV.    Certificate of Appealability**

A certificate of appealability will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, Collins has not made a substantial showing of the denial of a constitutional right. Therefore, the Court does not issue a certificate of appealability here.

## V. Conclusion

Accordingly, it is hereby ORDERED that Roger M. Collins's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED and a certificate of appealability is not issued.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 4, 2010  
Jefferson City, Missouri